UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUISTAR CHEMICALS, LP,   }<br>   }<br>   Plaintiff,   }<br>VS.   }<br>   }<br>POLYMER PACKAGING, INC.,   }<br>   }<br>   Defendant.   } | CIVIL ACTION NO. H-08-959 |

## OPINION AND ORDER

Pending before the Court is Plaintiff Equistar Chemicals', LP, ("Equistar") Motion for Summary Judgment (Doc. 13). Defendant Polymer Packaging, Inc., ("PPI") has not filed any responsive pleadings. For the reasons explained below, the Court ORDERS that Equistar's Motion for Summary Judgment is GRANTED.

### I.     Background & Relevant Facts

PPI is a company that manufactures and produces plastic packaging by utilizing thermoplastic material. Doc. 1 at ¶8. This material is commonly known as polyethylene and it is the key component in the packaging made by PPI. *Id.* Equistar is a supplier of polyethylene resin. *Id.*

On May 19, 2006, PPI executed and delivered to Equistar an Application for Credit describing the terms and conditions for the sale by Equistar and the purchase by PPI of resin products such as polyethylene. Doc. 1 at ¶9. Beginning in 2006, at the request of PPI, Equistar from time to time sold and delivered to PPI the polyethylene, which was shipped by railroad or truck from Equistar's petrochemical production facilities in Texas, to PPI in Massillon, Ohio. *Id.* Pursuant to the Credit Application, along with the related invoices, PPI agreed to pay for all of its purchases. *Id.*

On October 30, 2007, Equistar sent PPI an invoice for the amount of $114,771.00, due on November 29, 2007.  Doc. 13 Exh. 1 at 8.  On November 12, 2007, Equistar sent PPI an invoice for the amount of $7,900, due on December 12, 2007.  *Id*. at 9.  On November 27, 2007, Equistar sent PPI an invoice for the amount of $6,240, due on December 27, 2007.  *Id*. at 10.  PPI fell in arrears on these invoices.  *Id*. at 16.

A Credit Manager at Equistar, Leanne Pease ("Pease") notified PPI it was in default on the invoices for the polyethylene.  Doc. 13 Exh. 3 at ¶8.  Pease made demand for the amounts due and gave PPI an opportunity to cure default.  *Id*.  Equistar now makes a demand for $128,911.00.  Id.  In addition, Equistar demands $11, 606.14 in interest through September 30, 2008 and at $4.23 per diem thereafter.  Finally, Equistar demands attorney fees, calculated to be $14,256.85.  Doc. 1 Exh. 4 at ¶8.

## II. Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).   The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original). In a refund suit, the taxpayer has the burden of proving that the IRS's determination is incorrect. *Yoon v. Comm'r*, 135 F.3d 1007, 1012 (5th Cir. 1998).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert.*

*denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992).  Nor are pleadings summary judgment evidence.  *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075).  The non-movant cannot discharge his burden by offering vague allegations and legal conclusions.  *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990).  Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party.  *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party.  *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988).  The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).  In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

## III.     Discussion

The Fifth Circuit pointed out in *Soc'y of Lloyd's v. Turner*, 303 F.3d 325, 332 (5th Cir. Tex. 2002), that Texas law requires four elements to establish breach of contract. For the instant case, these would be: (1) existence of a valid contract; (2) performance by Equistar; (3) breach of the contract by PPI; and (4) damages to Equistar resulting from that breach. Breach of contract having been established in this case, the Court grants summary judgment in favor of the plaintiff.

On the issue of damages, the invoices provided by Equistar establish that $128,911.00 is due. Although PPI has filed no response to Equistar's Motion for Summary Judgment, in the Joint Pretrial Order PPI does dispute the amount owed on one invoice. PPI contends that the November 27, 2007, invoice should demand $4,980.00 rather than $6,240.00. The burden is on PPI, however, to substantiate this claim with more than a mere conclusory allegation. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). PPI fails here to meet its burden, and the amount claimed by Equistar may be recovered.

On the issue of interest, the Credit Application allows Equistar to demand the lower of (a) 1.5% a month (or 18% per annum) or (b) the maximum non-usurious rate of interest applicable by law. Doc. 1 Exh. 1 at 3. Texas law permits the plaintiff to charge interest at the rate specified in the contract, which in this case is 1% per month. *ExxonMobil Corp. v. Valence Op. Co.*, 174 S.W.3d 303, 319 (Tex. App. 2005). Total interest due on the account was, therefore, $11, 606.14 through September 30, 2008, and calculated at $4.23 per diem therafter.

On the issue of attorney fees, Equistar has made a claim for attorney fees and provided an affidavit supporting the fees.

**IV.        Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff Equistar Chemicals' LP, Motion for Summary Judgment (Doc. 13) is GRANTED.

SIGNED at Houston, Texas, this 16th day of March, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE